UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

BARBARA GILMORE,

    Plaintiff,

v.

OCEANIA CRUISES S. de R.L.
d/b/a OCEANIA CRUISES,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues Defendant and alleges:

### PARTIES AND JURISDICTION

1. The Plaintiff, BARBARA GILMORE, is a citizen and resident of the State of California.

2. Defendant, OCEANIA CRUISES S. de R.L., d/b/a OCEANIA CRUISES., ("OCEANIA"), is a Panamanian limited liability company with its worldwide headquarters, principal address, and principal place of business at 7665 Corporate Center Drive, Miami, Florida 33126.

3. The matter in controversy exceeds, exclusive of interests and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. Defendant, OCEANIA, at all times material hereto, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b.  Was engaged in substantial activity within this state;

    c.  Operated vessels in the waters of this state;

    d.  Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

    e.  The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

    f.  The cruise line ticket for the Plaintiff requires that suit be brought in this Court against the named Defendant in this action.

5. The Defendant, OCEANIA, is subject to the jurisdiction of the Courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

7. Defendant, OCEANIA, as a common carrier, was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, *Oceania Regatta*.

8. At all times material, Plaintiff was a paying passenger and lawfully aboard on the vessel, which was in navigable waters.

9. The causes of action asserted in this Complaint arise under the General Maritime Laws of the United States.

## PRELIMINARY ALLEGATIONS

10. At all times material hereto, Defendant, OCEANIA, owned, operated, managed, maintained, and/or controlled the vessel, *Oceania Regatta*.

11. On or about September 17, 2024, Plaintiff was a fare paying passenger on the vessel, which was in navigable waters.

12. On or about September 17, 2024, the *Oceania Regatta* was anchored off the coast of Alaska for its scheduled port of call. Passengers, including the Plaintiff, were required to take a tender provided by Defendant to and from the vessel to Alaska.

13. On or about September 17, 2024, the Plaintiff boarded the tender with the assistance of one crew member. The tender was swaying roughly when Plaintiff boarded.

14. The tender did not have any handrails or grab bars along its walkway, and the only places for Plaintiff to hold on to were the backs of the seats.

15. The vessel contains a warning on the inside which states "No Standing."

16. When Plaintiff boarded the tender, there were no instructions telling passengers where to sit, and no instructions telling passengers to move to the furthest available seats from the entrance. When Plaintiff boarded, seats closer to the entrance were filled, and Plaintiff was required to find seating further away.

17. Due to the lack of handrails or grab bars, and the seats being full, there was no place for Plaintiff to hold on to while traversing the vessel.

18. Suddenly and without warning, the vessel violently rocked and lurched in all directions, throwing Plaintiff into the air, into a metal pillar, and onto the floor where the vessel's movement caused her to slide backwards.

19. As a result of the negligence of Defendant, its vessel and/or crew, the Plaintiff suffered serious, permanent, and debilitating injuries to her elbow and spine, requiring extensive medical care.

**COUNT I – NEGLIGENT FAILURE TO WARN AGAINST DEFENDANT**

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through eighteen (18) as though alleged originally herein.

20. At all times material hereto, it was the non-delegable duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

21. At all times material hereto, it was the non-delegable duty of Defendant to warn passengers (like Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like Plaintiff) are invited to or may reasonably be expected to visit.

22. On or about September 17, 2024, the Plaintiff was on a tender vessel which is a place that Plaintiff was invited to by Defendant and a place Defendant reasonably expected Plaintiff to be during the cruise.

23. On or about September 17, 2024, Defendants and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

   a. Failure to adequately warn passengers, including the Plaintiff, of the unstable and/or unsecured conditions aboard the subject tender vessel;

   b. Failure to adequately warn Plaintiff of the dangers of rough seas and ambulating aboard the vessel;

   c. Failing to adequately warn passengers of the imminent danger and advising them to brace or position themselves safely during the vessel's extreme vessel jolting event in light of the expected weather and/or sea conditions;

   d. Failure to adequately warn that the subject tender boat lacked proper handrails, grab bars, stabilizing mechanisms and/or safety devices;

   e. Failure to adequately warn passengers of other accidents previously occurring while transferring passengers between the vessel and a port of call and/or excursion destinations;

   f. Failure to adequately warn passengers, including the Plaintiff, of rough weather and/or sea conditions;

   g. Failure to adequately warn passengers, including the Plaintiff of the risks and/or dangers associated with the rough weather and/or sea conditions;

    h. Failure to warn passengers, including the Plaintiff, that there would be no instructions, oversight, or management of passenger seating aboard the subject vessel;

    i. Failure to adequately warn passengers, including the Plaintiff, of the dangerous conditions;

    j. Failure to adequately warn the Plaintiff of other listing and/or sudden vessel jolting accidents previously occurring in the same or similar manner as the Plaintiff's incident.

24. At all times material hereto, Defendant had exclusive custody and control of the vessel.

25. Defendant knew of the foregoing conditions causing the Plaintiff's accident and failed to warn Plaintiff about them. Defendant's knowledge of the dangerous condition(s) was(were) specifically acquired through (a) Defendant's crew members stationed at the dock ashore monitoring and reporting sea conditions in real time (b) Defendant's real-time and continuous electronic monitoring of sea and weather conditions (c) Defendant's crew members stationed at the tender vessel transferring passengers from Defendant's cruise ship to Defendant's tender, were or should have been monitoring the sea and weather conditions (d) Defendant's inspection, control, and repeated use of the subject tender vessel. Additionally, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them.

26. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and

transportation costs. Further, the injuries resulting from this incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

## COUNT II – GENERAL NEGLIGENCE AGAINST DEFENDANT

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through eighteen (18) as though alleged originally herein.

27. At all times material hereto, it was the non-delegable duty of Defendants to provide Plaintiff with reasonable care under the circumstances.

28. At all times material, Defendant, through its crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with the Defendant, breached the duty of care owed to the Plaintiff and were negligent in one or more of the following ways:

   a. Allowing passengers, including the Plaintiff, to board the vessel during unreasonably rough seas;

   b. Failing to provide handrails, grab bars, stabilizing mechanisms, or other safety mechanism so that passengers, including the plaintiff, were reasonably safe when walking aboard the vessel;

   c. Failing to direct passengers to take seats aboard the vessel in a manner which would have allowed passengers, including the Plaintiff, to hold on to the backs of seats in lieu of proper handrails, grab bars, or similar safety devices;

   d. Failing to delay or cancel the tender operations due to rough sea conditions;

   e. Failure to adequately, reasonably and/or periodically inspect and/or maintain the tender vessel so that passengers, including the Plaintiff, had a reasonably safe means of transportation to and from the cruise ship;

 f.  Failure to promulgate and/or enforce adequate policies and/or procedures regarding inspecting, monitoring and/or maintenance of the tender vessel;

 g.  Failure to promulgate and/or enforce adequate policies and/or procedures to ensure that verbal warnings and/or warning signs are placed on or around platform areas where passengers, including the Plaintiff, embark and disembark the vessel; and/or

 h.  Failure to promulgate and/or enforce adequate policies and/or procedures regarding communication of rough sea conditions so that tender operations may be delayed or cancelled;

 i.  Failure to promulgate and/or enforce adequate policies and/or procedures regarding passenger seating on the tender vessel so that passengers, including the plaintiff, would have a reasonably safe means of walking through the vessel;

 j.  Failure to station sufficient crew and/or to adequately train, supervise and/or monitor crewmembers so that passengers, including the Plaintiff, had a reasonably safe means of transportation to and from the vessel, including, but not limited to: (i) providing passengers adequate assistance and/or instructions when boarding the tender boat; and/or (ii) warning passengers of the dangers and/or difficulties involved during transportation on the tender boat;

 k.  Failure to ascertain the cause of prior similar accidents happening on any of the Defendant's vessels fleet wide so as to take adequate measures to prevent their reoccurrence, and more particularly Plaintiff's accident;

 l.  Failure to adequately implement a mode of operations which was reasonable and safe and would prevent dangerous conditions such as those in this case;

 m.  Failing to have proper policies and procedures in place to determine whether if and when it is appropriate to sail into dangerous weather conditions;

 n.  Failing to utilize and engage the ship's stabilizers in an attempt to manage, minimize, or control the worst impacts of the storm winds, waves, swells and listing events;

 o.  Failing to promulgate and/or enforce adequate policies and procedures aimed at preventing the failure of shipboard systems necessary to ensure the reasonable safety of its passengers;

 p.  Failure to determine and/or appreciate the hazards associated with operating the subject vessel's propulsion system while encountering severe weather and sea conditions;

 q.  Other acts or omissions which are revealed through discovery.

29. At all times material hereto, Defendants had exclusive custody and control of the vessel.

30. Defendant knew of the foregoing conditions causing the Plaintiff's accident and failed to warn Plaintiff about them. Defendant's knowledge of the dangerous condition(s) was(were) specifically acquired through (a) Defendant's crew members stationed at the dock ashore monitoring and reporting sea conditions in real time (b) Defendant's real-time and continuous electronic monitoring of sea and weather conditions (c) Defendant's crew members stationed at the tender vessel transferring passengers from Defendant's cruise ship to Defendant's tender, were or should have been monitoring the sea and weather conditions (d) Defendant's inspection, control, and repeated use of the subject tender vessel. Additionally, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them.

31. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from this incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

Dated: August 29, 2025

                                    Respectfully submitted,

                                    LIPCON, MARGULIES
                                    & WINKLEMAN, P.A.
                                    *Attorneys for Plaintiff*
                                    2800 Ponce De Leon Blvd., Suite 1480
                                    Coral Gables, Florida 33134
                                    Telephone: (305) 373-3016
                                    Facsimile: (305) 373-6204

By:  */s/ Eliana L. Aklepi*
        **GEOFFREY E. PROBST**
        Florida Bar No. 505498
        gprobst@lipcon.com
        **ELIANA L. AKLEPI**
        Florida Bar No. 1054559
        eaklepi@lipcon.com